UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SIMS, COOK, and GALLAGHER
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant EVAN VELA
 United States Army, Appellant

 ARMY 20080133

 Headquarters, 3rd Infantry Division
 R. Peter Masterson, Military Judge
 Colonel Norman F.J. Allen, III, Staff Judge Advocate (pre-trial)
 Colonel Jonathan Guden, Staff Judge Advocate (recommendation)

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Major Grace
Gallagher, JA, Daniel Conway, Esquire (on brief).

For Appellee: Major Christopher B. Burgess, JA; Captain Chad M. Fisher, JA
(on brief).

 13 October 2011

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------

Per Curiam:

 A military panel comprised of officers and enlisted members sitting as
a general court-martial convicted appellant, contrary to his pleas, of
unpremeditated murder, false official statements and wrongfully placing a
weapon with the remains of GNKAJ, conduct which was prejudicial to good
order and discipline or of a nature to bring discredit upon the armed
forces, in violation of Articles 118, 107, and 134 of the Uniform Code of
Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 892, 907, and 934. The
panel sentenced appellant to be dishonorably discharged, to be confined for
ten years, to forfeit all pay and allowances, and to be reduced to the
grade of E-1. The convening authority approved the sentence as adjudged
and credited appellant with 232 days of confinement against the sentence to
confinement. The convening authority waived the automatic forfeiture of
all pay and allowances for a period of six months, effective 9 Jan 2009.
This case is before us for review pursuant to Article 66, UCMJ.
 We have considered the entire record and appellant’s assignments of
error and find them to be without merit. The findings of guilty are
affirmed and, except for that part of the sentence that includes forfeiture
of all pay and allowances, the court affirms the sentence. [1] All rights,
privileges, and property, of which appellant was deprived by virtue of that
portion of his sentence being set aside by this decision, are hereby
ordered restored. See UCMJ arts. 58(b) and 75(a).

 We have also considered the matters personally raised by appellant
pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982) and find
them to be without merit.

 FOR THE COURT:

 MALCOLM H. SQUIRES JR.
 Clerk of Court
-----------------------
[1] It is clear from the Convening Authority’s Action that his intention
was for the appellant’s spouse to receive appellant’s otherwise forfeited
pay and allowances. The Convening Authority’s Action of approving the
adjudged sentence defeats his stated clear intent to waive automatic
forfeitures for the benefit of the appellant’s spouse.